UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kevin D. Larrabee

   v.                                                  Civil No. 06-cv-294-SM

Judson P. Stockton

**REPORT AND RECOMMENDATION**

Pro se plaintiff Kevin D. Larrabee brings this action, pursuant to 42 U.S.C. § 1983, alleging broad claims of misrepresentation and perjury (document no. 1). Named as the defendant is Judson P. Stockton, a private individual and a co-defendant in Larrabee's federal criminal matter (1:04-cr-00097-SM). The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I recommend that the complaint be dismissed for lack of subject matter jurisdiction.

Standard of Review

In reviewing a pro se complaint, this Court must construe the pleading liberally. See Ayala Serrano v. Gonzalez, 909 F.2d

8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of that party).  At this preliminary stage of review, all factual assertions made by plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all well-pleaded factual averments, not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).  I apply this standard in reviewing Larrabee's complaint.

## Background

Larrabee is currently incarcerated at the United States Penitentiary, Allenwood, in White Deer, Pennsylvania.  This action stems from his federal criminal proceedings (1:04-cr-00097-SM), in which Stockton was a co-defendant and allegedly provided a false and perjurious confession and/or statement against Larrabee.  The false confession/statement allegedly was introduced into evidence at trial and used to obtain Larrabee's conviction.  Larrabee now brings this action pursuant to Section 1983, alleging that Stockton's misrepresentations and perjurious

statements violate his federally protected rights.  He requests an evidentiary hearing and a reduction of sentence.[1]

## Discussion

I.  <u>Subject Matter Jurisdiction</u>

A party seeking relief in district court must at least plead facts which bring the suit within the court's jurisdiction.  <u>See</u> Fed. R. Civ. P. 8(a)(1)(requiring a plaintiff to set forth in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends").  The subject matter of the federal courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship.  <u>Id</u>.  The presumption is that a federal court lacks jurisdiction.  <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  Consequently, the burden is on the plaintiff who claims jurisdiction to

---

[1] To the extent Larrabee seeks a sentence reduction or otherwise challenges the constitutionality of his conviction and confinement, he raises issues regarding the length, rather than conditions, of his confinement.  <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490 (1973).  Such claims are cognizable only under a petition for a writ of habeas corpus.  <u>See</u> <u>Ross v. Romero</u>, No. 06-2039, WL 2147554 at *1 (10th Cir. 2006) (holding that a prisoner's claim for a reduction in the term of his sentence is cognizable only in a habeas corpus proceeding).

affirmatively allege jurisdiction and prove it.  Id.

 A. Federal Question

A federal question exists where the plaintiff has alleged a colorable federal claim.  See 28 U.S.C. § 1331 (providing for original jurisdiction in the federal district courts for claims arising under federal law).  See also Aldinger v. Howard, 427 U.S. 1, 7 (1976); BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 832 (1st Cir. 1997).

In this action, Larrabee is proceeding under federal question jurisdiction pursuant to Section 1983.[2]  A plaintiff claiming an infringement of his civil rights by an individual defendant must establish that (i) the defendant deprived plaintiff of a right secured by the Constitution or laws of the United States, and that (ii) the defendant acted under "color of

---

[2] 42 U.S.C. § 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia." 42 U.S.C. § 1983; Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005). In relation to the second requirement, the First Circuit has identified three tests to determine whether a private party may be deemed the functional equivalent of a state actor: the state compulsion test; the nexus/joint action test; and the public function test. Id. Under the state compulsion test, a private party is deemed a state actor where the state "'has exercised coercive power or has provided such significant encouragement, either overt or covert that the [challenged conduct] must in law be deemed to be that of the State.'" Id. at 5 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004-05 (1982)). Under the nexus/joint action test, a private party is deemed a state actor where "an examination of the totality of the circumstances reveals that the state has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the [challenged activity]'". Id. at 5 (quoting Bass v. Parkwood Hosp., 180 F.3d 234, 242 (5th Cir. 1999)). "And, in accordance with the public function test, a private party is viewed as a state actor if the

plaintiff establishes that, in engaging in the challenged conduct, the private party performed a public function that has been 'traditionally the exclusive prerogative of the State." Id. (quoting Blum, 457 U.S. at 1005.)

Here, the basis of Larrabee's action is that Stockton, a co-defendant in his criminal trial, provided a false and perjurious confession and/or statement that was introduced at trial and used to obtain his conviction.  The record fails to demonstrate that Stockton, a private actor, acted under color of state law. Larrabee has not alleged any actions on the part of the Stockton that would constitute action taken on behalf of the state, at the behest of the state, or that traditionally fall within the exclusive purview of the state.  There is no indication that the state exercised coercive power over Stockton or provided significant encouragement to the extent that his actions would be deemed actions by the state.  Nor has Larrabee established any nexus whatsoever between the state and the actions taken by Stockton.  The allegations in the complaint are insufficient to elevate the actions taken by Stockton to the level of "state action."  Lastly, there is no indication that the state prosecuted Larrabee.  Accordingly, his Section 1983 claim cannot

lie against Stockton, a private defendant.  I therefore conclude that Larrabee has failed to plead federal question jurisdiction under 28 U.S.C. § 1331.

  B. Diversity

  To the extent Larrabee alleges state law claims, I conclude that he has failed to allege diversity jurisdiction.  To establish diversity, a complaint must allege complete diversity of citizenship between plaintiff and defendant as well as an amount in controversy in excess of $75,000.  See 28 U.S.C. § 1332.  See also Straughn v. Delta Air Lines, Inc., 170 F. Supp. 2d 133, 146 (D.N.H. 2000)(citing Century Southwest Cable Television v. CIIF Assocs., 33 F.3d 1068, 1071 (9th Cir. 1994) (holding that where plaintiffs made no allegations in the complaint respecting the citizenship of the defendant or the dollar value of the amount in controversy, the district court could not properly exercise diversity jurisdiction)).  Here, Larrabee fails to satisfy the requirements for diversity jurisdiction.  He has not alleged any amount in controversy.  Nor has he sufficiently alleged diversity of citizenship between the parties.  The complaint alleges that Larrabee is incarcerated in Pennsylvania but fails to allege that he and Stockton are

citizens of different states.  I therefore conclude that Larrabee has failed to plead diversity jurisdiction under 28 U.S.C. § 1332.

## Conclusion

For the reasons stated above, I conclude that Larrabee has failed to invoke this Court's subject matter jurisdiction. Accordingly, I recommend that the complaint be dismissed.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete,

792 F.2d 4, 6 (1st Cir. 1986).

                                                                                         _/s/ James R. Muirhead_
                                                                                         James R. Muirhead
                                                                                        United States Magistrate Judge

Date: December 6, 2006

cc:   Kevin D. Larrabee, pro se